UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN BRINAR,<br><br>Defendant. | Case No. 2:96-cr-00189-KJD-LRL<br><br>ORDER |

Presently before the Court is Defendant's Motion to Expunge Criminal Record (#276) and Motion to Proceed *in Forma Pauperis* (#275). Since Defendant was represented by appointed counsel on his underlying criminal action, he is allowed to proceed without payment of fees. Further, the filing of the motion to expunge does not require the payment of a fee. Therefore, the Motion to Proceed *IFP* is denied as moot.

Federal courts have limited authority and means to expunge criminal convictions. "If a person who has been lawfully convicted wishes to expunge the records of conviction, that person must first obtain a judgment that the conviction was unlawful." Burdick v. United States, 236 U.S. 79, 90 (1915). District courts do not have the power to "expunge a record of a valid arrest and conviction solely for equitable considerations" because "the expungement of the record of a valid arrest and conviction usurps the powers that the framers of the Constitution allocated to Congress, the Executive and the states." United States v. Sumner, 226 F.3d 1005, 1014 (9th Cir. 2000). The "district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." Id. Since there has been no determination that Defendant's arrest or conviction was unlawful or invalid, the Court must deny his motion to expunge.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Proceed *in Forma Pauperis* (#275) is **DENIED as moot**;

IT IS FURTHER ORDERED that Defendant's Motion to Expunge Criminal Record (#276) is **DENIED**.

Dated this 23rd day of May, 2019.

_____
Kent J. Dawson
United States District Judge